UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION

Plaintiff,

v.

RICHARD GLEN SPRADLING

Defendant.

FILED

DEC 0 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. 05-1150 (JDB)

## FINAL JUDGMENT

The Securities and Exchange Commission ("Commission") filed the complaint in this action on June 9, 2005. Defendant Richard Glen Spradling ("Defendant"), by his counsel, Henry P. Vanderkam, waived service of process on June 16, 2005. Defendant failed to file an answer or otherwise respond to the Commission's complaint by August 9, 2005, the deadline for such a response. The Commission served and filed a notice of default against Defendant on August 29, 2005. On September 15, 2005, the Clerk of this Court issued an entry of default against Defendant. On October 5, 2005, the Court ordered the Commission to apply for a judgment of default against Defendant, and the Commission timely filed such an application on November 10, 2005. To date, the Court has received no opposition to that application. Therefore, upon consideration of the application for judgment of default, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who

receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) To employ any device, scheme, or artifice to defraud;

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) To engage in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person. It is further

**ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(b) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) To employ any device, scheme, or artifice to defraud;

(b) To obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser. It is further

**ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1]. It is further

**ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $1,600,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $173,075.83, for a total of $1,773,075.83. Defendant may satisfy this obligation by paying $1,773,075.83 within ten (10) business days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter that identifies himself (Richard Glen Spradling) as a defendant in this action, sets forth the title and number of this civil action and the name of this Court, and specifies that he is making the payment pursuant to this Final Judgment. At the time such payment is made, Defendant shall transmit photocopies of that payment and a letter to the Commission's counsel in this action:

> James M. McHale
> Assistant Chief Litigation Counsel
> Division of Enforcement
> U.S. Securities and Exchange Commission
> 100 F Street, NE
> Washington, DC 20549-4631

By making this payment, Defendant relinquishes all legal and equitable right, title, and interest to such funds, which neither the Clerk nor the Commission shall return to him. The Clerk shall deposit these funds into an interest-bearing account with the Court Registry Investment System

("CRIS") or any other type of interest-bearing account that the Court uses. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Court directs the Clerk, without further order of this Court, to deduct from the Fund a fee equal to ten percent of the income it earns. Such fee shall not exceed the amount that the Judicial Conference of the United States has authorized. The Commission may propose a plan to distribute the Fund, subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. It is further

**ORDERED, ADJUDGED, AND DECREED** that Defendant is assessed a civil penalty of $120,000 pursuant to Section 20(d)(1) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendant may satisfy this penalty by delivering or mailing payment (by certified check, bank cashier's check, or United States postal money order payable to the "Securities and Exchange Commission") to the following address within ten (10) business days after entry of this Final Judgment:

> Office of Financial Management
> Securities and Exchange Commission
> Operations Center
> 6432 General Green Way
> Mail Stop 0-3
> Alexandria, VA 22312

Any such payment must be accompanied by a letter that identifies Defendant (Richard Glen Spradling) as the defendant in this action, sets forth the title and number of this civil action and the name of this Court, and specifies that he is making the payment pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28

U.S.C. § 1961. At the time such payment is made, Defendant shall transmit photocopies of that payment and a letter to the Commission's counsel in this action:

> James M. McHale
> Assistant Chief Litigation Counsel
> Division of Enforcement
> U.S. Securities and Exchange Commission
> 100 F Street, NE
> Washington, DC 20549-4631

It is further

**ORDERED** that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Final Judgment. It is further

**ORDERED** that the Clerk of the Court shall enter this Final Judgment forthwith and without further notice. And it is further

**ORDERED** that the Commission shall transmit a copy of this Final Judgment to Defendant and his counsel.

_____
JOHN D. BATES
United States District Judge

Dated: December 9, 2005

Copies to:

James Martin McHale
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Mail Stop 4631
Washington, DC 20549-4631
Email: mchalejm@sec.gov

*Counsel for plaintiff*