UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
U.S. SECURITIES AND EXCHANGE COMMISSION,   :
                                            :
                                            :
          PLAINTIFF,                        :
                                            :
          v.                                :  CIVIL ACTION
                                            :  NO. 05-CV-01150 (JDB)
                                            :
                                            :
RICHARD GLEN SPRADLING,                     :
                                            :
          DEFENDANT.                        :
_____ :

THE COMMISSION'S MOTION TO AMEND THE COURT'S DECEMBER 9, 2005
FINAL JUDGMENT AND ITS POINTS AND AUTHORITIES
SUPPORTING THAT MOTION

Pursuant to Rules 59 and 60 of the Fed. R. Civ. P., the U.S. Securities and Exchange Commission (Commission) respectfully moves the Court to amend its December 9, 2005 Final Judgment (Docket No. 6) against the Defendant, Richard Glen Spradling (Defendant). In its November 10, 2005 pleadings seeking that Final Judgment, the Commission attached a proposed order that inadvertently contained an erroneous citation. That proposed order cited Defendant's violations of Section 17(a) of the Securities Act of 1933 (Securities Act) [15 U.S.C. §77q (a)]. The Commission had intended to refer to Section 17(b) of the Securities Act [15 U.S.C. §77q (b)]. Thus, the Commission respectfully moves the Court to enter the attached proposed order, which accurately reflects the Commission's intent, originally stated in its November 10, 2005 Memorandum of Points and Authorities in Support of its Motion for Final Judgment (Docket No. 5).

The distinction between the two provisions is straightforward: Section 17(a) prohibits misconduct involving fraud "in the offer or sale of any securities." Section 17(b) prohibits promoting a securities "for consideration . . . . without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof." (*See* Appendix A, where the entirety of Section 17 of the Securities Act appears.)

The Commission's Complaint seeks relief for violations of, among other provisions, Section 17(b) of the Securities Act, not Section 17(a). The Commission previously explained Defendant's violation of Section 17(b). He took compensation for promoting certain stocks without fully disclosing, in his facsimile messages to investors or in his websites, the nature and amount of the compensation he received. *See* the Commission's Memorandum, at 15-16. That memorandum also explained in detail how Defendant committed fraud under Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act) and Exchange Act Rule 10b-5 [15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5]. *See* the Commission's Memorandum, at 11-15.

The Commission thus respectfully moves the Court to amend its judgment to address Defendant's violations of Section 17(b) of the Securities Act. To assist the Court in this regard, the Commission is also filing an amended proposed order that repeats the Court's December 9 Order, but substitutes a prohibition against Defendant from future violations of Section 17(b) for the provision referring to Section 17(a).

Commission counsel apologizes to the Court for the oversight that led to this motion.

        Respectfully submitted,

        U.S. Securities and Exchange Commission,

        By: _____/S/_____
        James M. McHale, DC Bar No. 111773
        Assistant Chief Litigation Counsel,
        Enforcement Division,
        Margaret S. McGuire, Senior Counsel
        100 F Street, N.E., Mail Stop 4631
        Washington, DC 20549-4631
        Telephone: (202) 551-4476 (McHale)
        Fax: (202) 772-4295 (McHale)
        mchalejm@sec.gov

Of Counsel:
Paul R. Berger,
Richard W. Grime,
Christine E. Neal,
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549


Dated: December 14, 2005

**Certificate of Service**

I hereby certify that I caused service of the foregoing Commission's Motion to Amend and Revised Final Judgment on the Defendant by sending copies of that pleading to him, to his counsel, and to his Bankruptcy Counsel by Federal Express messenger service, as follows:

FedEx TRK # 7926-0673-2617

Mr. Richard Glen Spradling
3007 Fairway Drive
Sugar Land, TX 77478
Defendant

FedEx TRK # 7918-0858-5411

Mr. Henry P. Vanderkam
Vanderkam and Associates
1301 Travis Street, Suite 1200
Houston, TX 77002
Phone: (713) 547-8900
Fax: (713) 547-8910
Counsel to Defendant

FedEx TRK # 7924-6390-7976

Bernard E. Brooks, Esq.
4800 Sugar Grove Boulevard, Suite 610
Stafford, TX 77477
Phone: (281) 491-1512
Fax: (281) 240-1829
Bankruptcy Counsel to Defendant

This the 14th day of December 2005

_____/S/_____
James M. McHale

*Appendix A to Commission's December 14, 2005 Motion to Amend*
*The Court's December 9, 2005 Final Judgment*

§ 77q. Fraudulent interstate transactions

Release date: 2005-08-01

**(a) Use of interstate commerce for purpose of fraud or deceit**

It shall be unlawful for any person in the offer or sale of any securities or any security-based swap agreement (as defined in section 206B of the Gramm-Leach-Bliley Act) by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud, or

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**(b) Use of interstate commerce for purpose of offering for sale**

It shall be unlawful for any person, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

**(c) Exemptions of section 77c not applicable to this section**

The exemptions provided in section 77c of this title shall not apply to the provisions of this section.

**(d) Authority with respect to security-based swap agreements**

The authority of the Commission under this section with respect to security-based swap agreements (as defined in section 206B of the Gramm-Leach-Bliley Act) shall be subject to the restrictions and limitations of section 77b–1 (b) of this title.